UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) Chapter 11 |
| POWER DEVELOPMENT, LLC | ) |
| | ) Case No. 10-10684 |
| Debtor. | ) |
| | ) |

**MOTION FOR THE ENTRY OF AN ORDER AUTHORIZING
APPLIED BANK TO CONDUCT AN EXAMINATION OF THE
<u>DEBTOR PURSUANT TO BANKRUPTCY RULE 2004</u>**

Movant, Applied Bank ("<u>Applied Bank</u>"), a secured creditor in this chapter 11 bankruptcy case, by its undersigned counsel, hereby moves, pursuant to <u>Federal Rule of Bankruptcy Procedure</u> 2004, for the entry of an order authorizing Applied Bank to conduct an examination of the Debtor, Power Development, LLC (the "<u>Debtor</u>"), and in support thereof, states as follows:

**<u>Background</u>**

1. On June 11, 2010 (the "<u>Petition Date</u>"), the Debtor initiated this bankruptcy case by filing a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code.

2. The Debtor is currently indebted to Applied Bank under and in connection with a $15,580,000.00 commercial loan that The Bankers Bank, N.A. (predecessor in interest to Applied Bank) extended to the Debtor (the "<u>Loan</u>"). The Loan and related loan documents were subsequently purchased by and assigned to Applied Bank.

3. The Loan is secured by, among other things, the lien of a deed of trust in, to and against a fifty (50) unit luxury condominium and rental property owned by the Debtor and generally known as The Residences at Biltmore, 700 Biltmore Avenue, Asheville, Buncombe County, North Carolina 28803 (the "<u>Property</u>").

4. As a result of various defaults under the Loan, Applied Bank, prior to the Petition Date, commenced a foreclosure action against the Property and sold the Property to Applied Bank at a foreclosure sale conducted prior to the petition date. The Debtor thereafter filed this bankruptcy case during the applicable ten (10) day upset period under North Carolina law.

5. As of the Petition Date, the Debtor was indebted to Applied Bank under and in connection with the Loan in the total amount of $15,061,981.30.

### Grounds for Relief

6. Federal Rule of Bankruptcy Procedure 2004 provides that upon a motion of any party in interest, a bankruptcy court may order the examination of any entity and the production of documents at the examination with respect to the "acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate." Fed. R. Bankr. P. 2004(b).

7. The scope of a Rule 2004 examination is very broad, even broader than discovery allowed under the Federal Rules of Civil Procedure. In re Recoton Corp., 307 B.R. 751, 755 (Bankr. S. D. N.Y. 2004). Some courts have even likened the scope of a Rule 2004 examination to a legitimate "fishing expedition." In re Hammond, 140 B.R. 197, 201 (S.D. Ohio 1992); In re GHR Energy Corp., 33 B.R. 451, 453 (Bankr. D. Mass. 1983).

8. Applied Bank is a secured creditor and a party in interest in this case. The Debtor has material information which is pertinent to the Loan, the Property (and all furniture, fixtures and equipment therein), Applied Bank's exercise of its rights and remedies with respect to the Loan and Applied Bank's ability to collect the balance of the Loan by foreclosure of the Property. Accordingly, Applied Bank, pursuant to Federal Rule of Bankruptcy Procedure 2004, seeks authorization to take the examination of the Debtor, and to require the Debtor to produce

documents at the examination, relating to: (i) the Property, all revenue generated by the Property during the past 2 years and all expenses incurred operating the Property during the past 2 years or otherwise in connection therewith; (ii) the Debtor's assets and liabilities, including, without limitation, an accounting of all furniture, fixtures and equipment contained in the various units within the Property, (iii) the bankruptcy schedules filed by the Debtor; (iv) the Debtor's ability to reorganize, including, without limitation, the Debtor's efforts to sell and/or refinance the Property; (v) the Debtor's valuation of its assets; (vi) the financial condition of the Debtor, including, without limitation, the historical, current and future bookings and revenue generated by the Property; (vii) the Debtor's use and/or transfer of all proceeds of the Loan; (viii) any transfers of the Debtor's assets which occurred within the three (3) year period immediately preceding the filing of the Debtor's bankruptcy case; (ix) any discrepancies between the Debtor's bankruptcy schedules and the financial information provided to Applied Bank by the Debtor prior to the Petition Date; (x) the financial condition of all affiliates of the Debtor including, without limitation, Biltmore Management; and (xi) the financial condition of the condominium association for the Property, The Residences at Biltmore Condominium Owners' Association, Inc.

9. For the foregoing reasons, cause exists for authorizing Applied Bank to conduct an examination of the Debtor concerning the matters referenced above and requiring the Debtor to produce documents at the examination pursuant to <u>Federal Rule of Bankruptcy Procedure</u> 2004.

WHEREFORE, Movant, Applied Bank, hereby requests that this Court enter an Order in the form concurrently filed directing the Debtor, Power Development, LLC, to appoint one or more individuals to attend an examination conducted by Applied Bank pursuant to <u>Federal Rule</u>

of Bankruptcy Procedure 2004 and to testify on the Debtor's behalf, which such examination shall be conducted by Applied Bank at a reasonable time and place specified by Applied Bank for said examination on at least ten (10) days written notice and directing the Debtor to produce documents at the examination that are requested by Applied Bank pursuant to Federal Rule of Bankruptcy Procedure 2004.

This the 12th day of July 2010.

        Respectively submitted,

        */s/ Kenneth M. Greene*
        Kenneth M. Greene
        NC Bar No. 005465
        Carruthers & Roth, P.A.
        Post Office Box 540
        235 N. Edgeworth Street
        Greensboro, North Carolina 27401
        Phone: (336) 478-1124
        kmg@crlaw.com

        */s/ Michael G. Gallerizzo*
        Michael G. Gallerizzo
        GEBHARDT & SMITH LLP
        One South Street, Suite 2200
        Baltimore, Maryland  21202
        (410) 385-5046
        mgall@gebsmith.com
        *Attorneys for Applied Bank*

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 12th day of July, 2010, a copy of the foregoing Motion for Entry of an Order Authorizing Applied Bank to conduct an Examination of the Debtor Pursuant to Bankruptcy Rule 2004 was served via the Court's ECF system to all interested parties and mailed, via United States First-Class Mail, on the parties shown below:

U.S. Bankruptcy Administrator
402 West Trade Street
Suite 200
Charlotte, NC 28202-1669

D. Rodney Kight, Jr.
Kight Law Office
9 SW Pack Square, Suite 200
Asheville, NC 28801
*Attorney for the Debtor*

Erin F. Dunnuck
One Rankin Avenue, Third Floor
Asheville, North Carolina 28801
*Attorney for The Residences at Biltmore Condominium Owners' Association, Inc.*

Dated: July 12, 2010

*/s/ Kenneth M. Greene*
Kenneth M. Greene
NC Bar No. 005465
Carruthers & Roth, P.A.
Post Office Box 540
235 N. Edgeworth Street
Greensboro, North Carolina 27401
Phone: (336) 478-1124
kmg@crlaw.com