UNITED STATES BANKRUPTCY COURT
Western District of North Carolina
Asheville Division

| | |
|---|---|
| In Re: ) | |
| ) | Chapter    11 |
| GERALD D. PAYNE, INC., ) | |
| ) | Case no.    10-10886 |
| Debtor. ) | |
| _____) | |
| ) | |
| In Re: ) | Chapter    11 |
| ) | |
| POWER DEVELOPMENT, LCC, ) | Case no.    10-10684 |
| ) | |
| Debtor. ) | |

_____

**RESPONSE OF D. RODNEY KIGHT, JR. TO BANKRUPCTY ADMINISTRATOR'S MOTION TO RECONSIDER ORDER APPOINTING ATTORNEY FOR THE DEBTOR AND OBJECTION TO APPLICATION TO EMPLOY ATTORNEY**

NOW COMES the undersigned attorney for Power Development, LLC ("Power") and Gerald D. Payne, Inc. ("Payne"), responding to the motion to vacate/rescind and objection filed by the Bankruptcy Administrator ("BA") on July 29, 2010 as follows:

**ISSUE**

The issue before the Court is whether the undersigned attorney should be allowed to represent both Power and Payne pursuant to 11 USC 327(c) when there exists no actual conflict of interest, the principal and primary agent of both debtors is the same person, the undersigned does not represent the individual principal or any other individual involved with the debtors in their individual capacities, the entities are inter-dependent and inter-related, the undersigned attorney has obtained a favorable option from the North Carolina State Bar regarding representing both debtors, and both debtors have executed a conflict waiver agreement. The undersigned respectfully requests that this Court overrule the BA's objection and enter an Order affirming that he is not disqualified from representing both entities.

# LAW

The applicable law in this matter is found in Title 11 of the U.S. Bankruptcy Code section 11 USC § 327(c) as follows**:**

"In a case under chapter 7, 12, or 11 of this title, a person is not disqualified for employment under this section solely because of such person's employment by or representation of a creditor, unless there is objection by another creditor or the United States trustee, in which case the court shall disapprove such employment if there is an *actual* conflict of interest." (emphasis added)

The bankruptcy courts have not defined "an actual conflict of interest", but rather treat this inquiry of actual vs. potential conflict of interest on a case-by-case basis. In In re Jade Mgmt. Servs., 2010 U.S. App. LEXIS 14125, the Third Circuit stated, "denomination of a conflict as "potential" or "actual" and the decision concerning whether to disqualify a professional based upon that determination in situations not yet rising to the level of an actual conflict are matters committed to the bankruptcy court's sound exercise of discretion. The bankruptcy judge is on the front line, in the best position to gauge the ongoing interplay of factors and to make the delicate judgment calls which such a decision entails. Each situation must be judged prospectively on its own merits."

In this matter, D. Rodney Kight, Jr., ("Kight") represents both Gerald D. Payne, case no.: 10-10886 and Power Development, LLC, case no.: 10-10684, in Chapter 11 bankruptcy proceedings. Gerald Payne is the principal of both companies. In the BA's Motion to Reconsider Order Appointing Attorney for the Debtor and Objection to Application to Employ Attorney filed on July 28, 2010, the BA cites section 327(a) of the U.S. Bankruptcy Code as the basis for disqualifying Kight as counsel for both companies. The BA states, "Kight fails to meet the requirements of 11 U.S.C. Section 327(a) in that he holds or represents interests adverse to the estates, and he is not a disinterested person under 11 U.S.C. Section 101(14)."

However, the BA's position fails in light of the Fourth Circuit's analysis of section 327(a) vs. 327(c). As stated in Johnson v. Richter, Miller & Finn (In re Johnson), 312 B.R. 810, "an attorney who represents a creditor is validly employed by the trustee provided that there is no "actual conflict of interest" between the attorney's representation of the creditor and his representation of the trustee. Thus, where a trustee employs a professional who represents a creditor, the stringent two-pronged test set forth in § 327(a) does not apply. Put differently, a trustee may employ a creditor's attorney under § 327(c) provided the dual representation presents no actual conflict of interest. And, this is so even if there exists a potential conflict of interest or an appearance of a conflict of interest that would otherwise disqualify the attorney from employment under § 327(a)."

In the case at bar, Kight fully disclosed his representation of both entities and any potential conflicts to both Debtors. Further, Kight discussed any potential conflict with the North Carolina State Bar, who agreed with his position that no actual conflict existed. Kight also had both entities sign a waiver of conflict agreement, which both did willingly. Both Debtors' interests are aligned in this matter. As the interests of the Debtors are aligned, it is most effective and efficient for the parties to proceed with one attorney. As stated in In re O'Connor, 52 B.R. 892, "As a result of machinations indigenous to the particular individual from the prospective of savings to the respective estates through curtailment of administrative expenses, i.e., legal fees, it is advantageous that the same attorney, or firm, attempt to unravel the Gordian knot construed by the debtor."

## FACTS AND ANALYSIS

Kight had a meeting with Gerald Payne and his son, David Payne, in June 2010. Collectively, the Paynes are owners/ principals of several entities ("the Payne entities"), most of which are struggling financially due to negative market conditions in the areas in which their businesses operate: real estate investment and construction. During the meeting, the Paynes gave Kight a general overview of the various companies, a "snapshot" financial picture, and a list of legal matters that needed to be addressed. Most notably, there were several foreclosure actions pending against various Payne entities. The Paynes inquired whether Kight would be willing/able to help their struggling companies. Kight believed that he could, and they agreed to discuss conditions of representation, which they did. The discussions ultimately led to an agreement for Kight to represent the Payne entities if/when they needed bankruptcy protection.

All parties decided that Paynes Knob, LLC ("Knob") was the first entity that needed to file for bankruptcy protection. Knob filed a petition under chapter 11 on June 6, 2010 (10-10652, WDNC, Asheville Div.) Thereafter, the parties agreed that Power needed to file a petition under chapter 11 to stay a foreclosure proceeding on the most valuable asset owned by the debtor. Accordingly, Power filed a petition for relief under chapter 11 on June 11, 2010. Kight submitted an application to employ and an accompanying affidavit to the Court. Due to an oversight, no order was uploaded. Although he has not been formally approved to serve as counsel for the debtor the undersigned has performed substantial work on behalf of Power and the estate since the petition was filed.

After the Power petition was filed, there was no consensus on which of the other Payne entities would need to file for bankruptcy relief. However, Payne's financial woes eventually came to a head, and it was agreed that it would be the third Payne entity to file for relief under chapter 11. While preparing for the Payne case Kight recognized that Payne's mechanic's lien based on undisputed claim for unpaid construction work for Power might constitute a problematic conflict of interest. Accordingly, he contacted the North Carolina State Bar and received a favorable opinion stating that the possible

conflict was waivable. A copy of the opinion was attached as an exhibit to Kight's application to employ, which in itself disclosed the situation to the Court. The undersigned discussed the conflict of interest issue in great depth with Gerald and David Payne. All parties agreed that a conflict waiver agreement was appropriate and that all interests were best served by having Kight represent Payne, along with any other Payne entities that needed to file for bankruptcy petition. A conflict waiver agreement was executed by Payne and Power. It was attached as an exhibit to the application to employ filed in the Payne case.

During this time Gerald Payne informed Kight that he was in personal financial distress and had considered filing for individual bankruptcy protection. He asked the undersigned to represent him in his individual bankruptcy case. Based on the likelihood that an actual conflict of interest would arise and the general appearance of impropriety Kight refused and referred him to another attorney.

After obtaining the favorable State Bar opinion and the conflict waiver agreement, Kight proceeded with the Payne case and filed a petition for the debtor on July 27, 2010. He filed an application to employ his law firm as counsel for the debtor and disclosed his representation of Power. An order was entered on July 28, 2010 approving the application. The present matter before the Court was triggered by the BA's motion to vacate/ rescind the order allowing Kight to represent Payne and the concurrent objection to the pending application to approve him as attorney for Power.

On Saturday, July 31, 2010, the BA, through her attorney Alexandria Kenny, sent an email to Kight regarding Payne which asked, among other things, for the following information:

> "*All information you can provide on the claim of lien the debtor has asserted against Power Development and an explanation of the status of the claim of lien*. Please provide documentation showing the date suit was filed by Gerald D. Payne, Inc. against Power Development. If suit has not been filed, *please provide information concerning when Gerald D. Payne, Inc. will seek relief from stay to attempt to perfect its claim of lien against Power Development or otherwise seek perfection*." (emphasis added)

Despite the fact that some of the information sought by the BA is confidential and protected by the attorney-client privilege, the inferred point is well taken: How can Kight effectively represent both Power and its creditor, Payne? The first answer is that Courts have determined that the mere representation of both a debtor and a creditor is not sufficient to disqualify an attorney under 11 USC 327(c). (See, eg., In re Johnson, cited above) The second answer is that the entities in the cases before the Court are inter-

dependent and control of both is exercised by their principal, Gerald Payne. It makes no difference whether the entities are represented by one attorney or ten: the same "marching orders" will issue for the entities, and no potential conflict between them will rise to the level of litigation or actual conflict. Because they are inter-dependent entities a coordinated effort is necessary to restructure them all and ensure success of the Payne entities, regardless of how many attorneys are involved. Moreover, Payne's claim is valid on its face and no party in interest has disputed it. Finally, any question about whether an actual conflict of interest is created by Gerald Payne exercising control over both entities to benefit himself personally is eliminated by Kight's referral of him to another attorney for any individual legal matters. In short, it is highly unlikely that the potential conflict of interest inherent in Kight's representation of both Payne and Power will ever become an actual conflict. If it does, the waiver agreement executed by all parties necessarily requires Kight to withdraw.

Finally, because the various Payne entities are inter-dependent and inter-related, it makes sense- both economically and strategically- for one attorney to represent them all. A single attorney can best coordinate their efforts efficiently and maximize the likelihood of a successful reorganization; whereas, divvying up representation among multiple attorneys will consume consequent excess time, expense, and increase the likelihood of confusion. As in the O'Connor "Gordian knot" case above, these debtors and their respective estates are better served by one attorney rather than several, any potential conflict notwithstanding.

## CONCLUSION

For the reasons set forth in this brief, along with the affidavits, applications, and exhibits previously filed, and as contemplated by 11 USC 327(c) and the cited cases, the Court should approve Kight's application to serve as counsel for Power and deny the BA's motion to vacate/ rescind the order allowing him to serve as counsel for Payne.

Respectfully submitted this 2nd day of August, 2010.

                **KIGHT LAW OFFICE, PC**

                /s/
       By: _____
                D. Rodney Kight, Jr.
                7 Orchard Street, Suite 100
                Asheville, NC  28801
                (828) 255-9881
                (828) 255-9886 facsimile
                rod@kightlaw.com

## CERTIFICATE OF SERVICE

  The undersigned hereby certifies that a copy of this pleading was served upon the Bankruptcy Administrator and any other parties in interest that have requested notice of pleadings in this case via electronic transmission and/or via US Mail, postage prepaid.

  This 2nd day of August, 2010.

                /s/
                _____
                D. Rodney Kight, Jr.