UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) Chapter 11 |
| POWER DEVELOPMENT, LLC, | ) |
| | ) Case No. 10-10684 |
| Debtor. | ) |
| | ) |

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY
AS TO APPLIED BANK AND CERTAIN REAL PROPERTY AND OTHER
COLLATERAL OWNED BY THE DEBTOR AND LIMITED WAIVER OF THE
PROVISIONS OF 11 U.S.C. § 362(e) PURSUANT TO LOCAL RULE 4001-1(b)**

Movant, Applied Bank ("Applied Bank"), a secured creditor in this chapter 11 bankruptcy case, by its undersigned counsel, hereby moves, pursuant to 11 U.S.C. §§ 105, 362(d) and 363, Rule 4001 of the Federal Rules of Bankruptcy Procedure and Local Rules 4001-1 and 9013-1, for the entry of an Order terminating the automatic stay in the above-captioned case as to Applied Bank and certain real property and Other Collateral owned by the Debtor, Power Development, LLC (the "Debtor"), as are more particularly described below, and for its reasons states as follows:

### Jurisdiction

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. §§157(b)(2)(A), (G) and (O). Venue of these proceedings is proper in this district pursuant to 28 U.S.C. §§1408 and 1409. The statutory basis for relief requested herein are Sections 105, 362 and 363 of the Bankruptcy Code.

## Background

2. On June 11, 2010 (the "Petition Date"), the Debtor initiated this bankruptcy case by filing a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code.

3. The Debtor is currently indebted to Applied Bank under and in connection with a $15,580,000.00 commercial loan that The Bankers Bank, N.A. ("Bankers Bank") extended to the Debtor ("Loan").

4. The Loan is evidenced by, among other things, a $15,580,000.00 Commercial Promissory Note, dated September 28, 2007, executed and delivered by the Debtor to the order of Bankers Bank (the "Note"). A true and accurate copy of the Note is attached hereto as Exhibit "A" and incorporated herein by reference.

5. The Note is secured by: (i) a deed of trust lien in, to and against a fifty (50) unit condominium and rental property owned by the Debtor and generally known as The Residences at Biltmore, 700 Biltmore Avenue, Asheville, Buncombe County, North Carolina 28803 (the "Property"), pursuant to and as more particularly described in a Commercial Construction Deed of Trust, dated September 28, 2007, executed and delivered by the Debtor to the trustee named therein for the benefit of Bankers Bank and recorded among the Land Records of Buncombe County, North Carolina in Book 4469, Page 1435, as modified by a Substitution of Trustee, dated November 20, 2008, executed by Silverton Bank, N.A., f/k/a The Bankers Bank, N.A.; and recorded among the Land Records of Buncombe County, North Carolina in Book 4626, Page 889 (collectively, the "Deed of Trust"); and (ii) by all leases for all or any part of the Property and all rents, issues, profits, revenues, royalties, rights and benefits arising from or as a result of the Property (collectively, the "Other Collateral") pursuant to the Deed of Trust and an

Assignment of Rents and Leases, dated September 28, 2007, executed and delivered by the Debtor for the benefit of Bankers Bank and recorded among the land records of Buncombe County, North Carolina in Book 4469, Page 1451 ("Assignment of Leases and Rents"). True and accurate copies of the Deed of Trust and the Assignment of Leases and Rents are attached hereto as Exhibits "B and C," respectively, and are incorporated herein by reference.

6. The Note, the Deed of Trust, the Assignment of Leases and Rents and all other loan documents evidencing, securing or otherwise documenting the Loan are collectively referred to herein as the "Loan Documents."

7. After the Loan was extended to the Debtor, Bankers Bank changed its name to Silverton Bank, N.A. ("Silverton Bank"). Thereafter, Silverton Bank went into receivership and the Federal Deposit Insurance Corporation ("FDIC") became the Receiver for Silverton Bank. Subsequent thereto, the Loan and all related Loan Documents were purchased by and assigned to Applied Bank, the current holder and owner of the Loan Documents, pursuant to a Loan Sale Agreement and other documents by and between the FDIC and Applied Bank, copies of which are collectively attached hereto as Exhibit "D" and incorporated herein by reference.[1]

8. Pursuant to the terms and conditions of the Loan Documents, the Debtor is obligated to make certain monthly payments to Applied Bank.

9. Prior to the Petition Date, the Debtor defaulted under the Loan Documents as a result of, *inter alia*, the Debtor's failure (i) to make all payments called for in the Loan Documents when and as due thereunder, (ii) to pay all real estate taxes owed on the Property, (iii) to pay all condominium association fees on the Property, and (iv) to provide an accounting

---

[1] In the attached Loan Sale Agreement, the purchase price paid by Applied Bank to the FDIC for the Loan has been redacted.

of all rental and other income generated by the Property as requested by Applied Bank (collectively, the "Existing Defaults").

10. As a result of the Existing Defaults, Applied Bank, prior to the Petition Date, commenced a foreclosure action against the Property and bought the Property in at a foreclosure sale conducted prior to the Petition Date. The Debtor, thereafter, filed this bankruptcy case during the applicable ten (10) day upset period under North Carolina law and before the substitute trustee under the Deed of Trust conveyed the Property to Applied Bank.

11. As of the Petition Date, the Debtor was indebted to Applied Bank under and in connection with the Loan and the Loan Documents in the total amount of $15,064,612.64, consisting of an unpaid principal balance of $12,754,808.04, accrued and unpaid interest in the amount of $2,262,194.17, late charges in the amount of $14,562.59 and attorneys' fees and expenses in the amount of $33,047.84.

12. The Debtor has not made any post-petition payments to Applied Bank under the Loan Documents.

13. As of March 25, 2009, the Property had a fair market value of $10,300,000.00 according to an appraisal obtained by Applied Bank. A true and accurate copy of the Appraisal is attached hereto as Exhibit "E" and incorporated herein by reference. Furthermore, upon information and belief, the Other Collateral currently consists of approximately $20,000.00 in cash presently held by Biltmore Management, LLC, a company which the Debtor has retained to manage and operate the Property. Applied Bank's claim of $15,064,612.64 far exceeds the fair market value of the Property and the Other Collateral and, therefore, the Debtor does not have any equity in the Property or the Other Collateral.

## Relief Requested

14. Applied Bank submits this Motion seeking an order of the Court granting Applied Bank relief from the automatic stay pursuant to the provisions of § 362 and allowing it to exercise its rights and remedies under the Loan Documents with respect to the Property and the Other Collateral, including, but not limited to, continuing with its pending foreclosure action against the Property, closing in connection with Applied Bank's purchase of the Property at the foreclosure sale, taking possession of the Other Collateral and applying all proceeds arising from Applied Bank's exercise of its remedies as provided for above to reduce the indebtedness owed by the Debtor to Applied Bank under the Loan Documents.

## Basis for Relief

**Cause exists to grant Applied Bank relief from the Automatic Stay so that Applied Bank can exercise its rights and remedies with respect to the Property and the Other Collateral.**

15. Section 362 of the Bankruptcy Code states in relevant part:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay
>
> (1) for cause, including the lack of adequate protection of an interest in the property of such party in interest;
> (2) with respect to a stay of an act against property under subsection (a) of this section, if --
>
>> (A) the debtor does not have any equity in the property; and

5

          (B) such property is not necessary to an effective reorganization;...

11 U.S.C. § 362(d).

16. Sections 362(d)(1) and (d)(2) of the Bankruptcy Code describe alternative means by which a party may seek relief from the automatic stay. For the reasons set forth below, Applied Bank is entitled to relief under both of these disjunctive statutory sections. *See also Nazareth Nat'l Bank v. Trina-Dee, Inc.*, 731 F.2d 170, 171 (3d Cir. 1984) (holding that a creditor (such as Applied Bank) may demonstrate entitlement to relief under either sub-paragraph without regard to the strength of its case under the other provision).

**The Stay Should be Lifted Under 11 U.S.C. § 362(d)(1)**

17. Cause exists to grant Applied Bank relief from the automatic stay under 11 U.S.C. § 362(d)(1). The Debtor bears the burden of proving the absence of "cause" under § 362(d)(1). See 11 U.S.C. § 362(g). Because the Bankruptcy Code provides no definition of what constitutes "cause," the courts must determine when discretionary relief is appropriate on a case-by-case basis. *Claughton v. Mixson*, 33 F.3d 4, 5 (4th Cir.1994). Although "lack of adequate protection is an alternative ground for lifting of a stay, [w]ithout plans for operation of the enterprise by the estate or an equity interest there simply is no reason to deny the secured creditor his full rights in the property." *In re ASI Reactivation, Inc.*, 934 F.2d 1315, 1320 (4th Cir. 1991).

18. Cause exists in this proceeding for the Court to lift the automatic stay as to the Property and the Other Collateral and to allow Applied Bank to exercise its remedies with respect to the same as provided for above because the inadequacy of the protection of Applied Bank's interest in the Property and the Other Collateral is manifest. "[A]ll that is required to lift

6

the automatic stay is a colorable claim to estate property." *In re Asheboro Precision Plastics, Inc.*, 2005 Bankr. LEXIS 1091, at * 15 (Bankr. M.D.N.C. Mar. 1, 2005) citing *Grella v. Salem Five Cent Savings Bank*, 42 F.3d 26, 32 (1st Cir. 1994). The factors that courts consider in deciding whether to lift the automatic stay include "(1) whether the issues in the pending litigation involve only state law, so the expertise of the bankruptcy court is unnecessary; (2) whether modifying the stay will promote judicial economy and whether there would be greater interference with the bankruptcy case if the stay were not lifted because matters would have to be litigated in bankruptcy court; and (3) whether the estate can be protected properly by a requirement that creditors seek enforcement of any judgment through the bankruptcy court." *In re Robbins*, 964 F.2d 342, 345 (4th Cir. 1992) (citations omitted).

19.     None of these factors for consideration justify maintaining the stay because only federal bankruptcy law is involved here, lifting the stay will expedite the Debtor's liquidation and avoid wasting judicial resources, and because liquidation of the Property and the Other Collateral promotes, rather than threatens, the interests of the Debtor's estate since the Property and the Other Collateral are hopelessly underwater.

20.     Applied Bank also has established a colorable claim to the Property and the Other Collateral because: (i) the Debtor is in severe payment and other default under the Loan Documents; (ii) Applied Bank is not adequately protected; (iii) the Debtor has no equity in the Property and the Other Collateral; and (iv) the Property and the Other Collateral are not necessary for an effective reorganization. Furthermore, the Property itself only generates a small amount of income or revenue on a monthly basis, and such income or revenue is only a small fraction of the amount that is necessary to maintain the Property and to pay for debt service, real

7

estate taxes, maintenance and repairs and other costs associated with maintaining and operating the Property. It is appropriate, therefore, under applicable Fourth Circuit authority, that relief from the stay be afforded to Applied Bank without further delay, especially since the Property and the Other Collateral could not possibly contribute to or facilitate an effective reorganization of the Debtor.

### The Stay Should also be Lifted Under 11 U.S.C. § 362(d)(2)

26.     The Court should grant Applied Bank relief from stay because § 362(d)(2) allows a bankruptcy court to lift the stay with respect to particular claims if the debtor has no equity in the collateral and the collateral is not necessary to an effective reorganization of the debtor.

27.     As stated above, the Debtor has no equity in the Property or the Other Collateral. Thus, Applied Bank has established the first element of § 362(d)(2)(A).

28.     The Property and the Other Collateral are not necessary for an effective reorganization of the Debtor. In *United Sav. Ass'n of Texas v. Timbers of Inwood Forest Assoc.*, 484 U.S. 365., 108 S. Ct 626, 630 (1988), the United States Supreme Court recognized that to successfully oppose a motion for relief from stay brought under § 362(d)(2), a debtor must establish that the collateral is necessary to an effective reorganization. It explained:

> "[I]t is the burden of the debtor to establish that the collateral at issue is 'necessary to an effective reorganization' ...What this requires is not merely a showing that if there is conceivably to be an effective reorganization, this property will be needed for it; but that the property is essential for an effective reorganization that is in prospect. This means, as many lower courts, including the en banc court in this case, have properly said, that *there must be 'a reasonable possibility of a successful reorganization* within a reasonable time'".

*Timbers*, 108 S.Ct. 626, 632 (emphasis supplied).

8

29.  As indicated above, the Property itself only generates a small amount of income or revenue on a monthly basis, and such income or revenue is only a small fraction of the amount that is necessary to maintain the Property and to pay for debt service, real estate taxes, maintenance and repairs and other costs associated with maintaining and operating the Property. Furthermore, the Debtor's meager year-to-date income of approximately $15,000.00, from all of its properties, as reflected on its Statement of Financial Affairs, precludes the possibility that the Debtor can reorganize and/or service its substantial obligations to its numerous secured creditors. Therefore, the prospect of a successful reorganization by the Debtor is non-existent and Applied Bank has established the second element of § 362(d)(2)(B).

30.  Pursuant to the Notice of Opportunity for Hearing on the Motion that is attached hereto and filed with this Motion, Applied Bank has given notice of a hearing on this Motion if, a timely response and request for hearing is filed, to be held at 10 a.m., on September 22, 2010, a date which is outside the thirty (30) day period provided by 11 U.S.C. § 362(e). Pursuant to Local Rule 4001-1(b), Applied Bank waives the application of the provisions of § 362(e) to the extent (but only to the extent) necessary to continue the automatic stay in effect to the date of the scheduled hearing on September 22, 2010.

WHEREFORE, for the foregoing reasons, Applied Bank respectfully requests that this Court enter an Order:

A.  granting this Motion and terminating the automatic stay of 11 U.S.C. § 362 in the above-captioned bankruptcy case as to Applied Bank, the Property and the Other Collateral;

B.  permitting Applied Bank to immediately exercise and enforce its various rights and remedies against the Property and the Other Collateral pursuant to the terms and conditions of the Loan Documents and applicable law including, without limitation, continuing with its foreclosure action against the Property, closing in connection with its purchase of the Property at foreclosure, taking immediate possession of the Other Collateral and taking all other steps necessary to collect the same and applying all proceeds arising from Applied Bank's exercise of its remedies as provided for above to reduce the indebtedness that is owed by the Debtor to Applied Bank under the Loan Documents; and/or

C.  granting Applied Bank such other and further relief as may be necessary and equitable in this case.

Respectively submitted,

*/s/ Kenneth M. Greene*
Kenneth M. Greene, Esq.
NC Bar No. 005465
Caruthers & Roth, P.A.
Post Office Box 540
235 N. Edgeworth Street
Greensboro, North Carolina 27401
Phone: (336) 478-1124
kmg@crlaw.com

*/s/ Michael G. Gallerizzo*
Michael G. Gallerizzo
GEBHARDT & SMITH LLP
One South Street, Suite 2200
Baltimore, Maryland 21202
(410) 385-5046
mgall@gebsmith.com

*Attorneys for Applied Bank*

10