IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
(Asheville Division)

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| POWER DEVELOPMENT, LLC, | ) | |
| | ) | Case No. 10-10684 (GRH) |
| Debtor. | ) | |
| | ) | |

**OPPOSITION OF APPLIED BANK TO DEBTOR'S MOTION TO CONTINUE /
DECLARE SEPTEMBER 22, 2010 HEARING A PRELIMINARY HEARING**

Applied Bank ("**Applied Bank**"), by its undersigned counsel, hereby files this opposition (the "**Opposition**") to the *Motion to Continue/Declare September 22, 2010 Hearing a Preliminary Hearing* (the "**Motion to Continue**") [Docket No. 44] filed by Power Development, LLC (the "**Debtor**"). In support hereof, Applied Bank states as follows:

**Introduction**

1. The Motion to Continue represents yet another attempt by the Debtor to forestall the currently scheduled hearing on Applied Bank's *Motion for Relief from Automatic Stay* [Docket No. 29] (the "**Lift-Stay Motion**").[1] This case has been pending for over **three months**, and Applied Bank filed its Lift-Stay Motion and noticed the hearing in connection therewith on August 18, 2010. The Debtor has had ample time to formulate a proper response to the Lift-Stay Motion and to file a plan of reorganization. But it has chosen to do neither. That is because the Debtor has no legitimate grounds to oppose the Lift-Stay Motion, nor any likelihood of reorganizing.

2. The Lift-Stay Motion and the *Reply of Applied Bank to Debtor's Objection to Motion for Relief from Automatic Stay* (the "**Reply**") [Docket No. 43] conclusively demonstrate

---

[1] Unless otherwise provided, all capitalized terms used herein shall have the same meanings as ascribed to them in the Motion.

- 1 -

that the Debtor has no basis to preserve the automatic stay as to the Applied Bank Collateral. Applied Bank has shown that its lien against the Applied Bank Collateral is undersecured, and that it lacks adequate protection of its interest in the subject Property. *See* Lift-Stay Motion at ¶¶ 11, 13 and 20, and Exhibit "E". Applied Bank has also presented uncontroverted evidence (in the form of the appraisal and other supporting factual allegations) which establishes that the Debtor has no equity in the Applied Bank Collateral and the Applied Bank Collateral is not necessary for an effective reorganization in the Debtor's Chapter 11 case because the Debtor is not capable of reorganizing. *See* Lift-Stay Motion at ¶¶ 11, 13 20, and 29, and Exhibit "E".

3.  The Debtor has not provided any legitimate grounds to justify the postponement or bifurcation of the Lift-Stay Hearing. Instead, the Debtor has cobbled together a convoluted series of arguments and allegations that have no probative value whatsoever with regard to this Court's decision to terminate the automatic stay. The Motion to Continue should be swiftly denied.

### Legal Analysis and Argument

I.  **Applied Bank is Entitled to Immediate Relief from the Automatic Stay Irrespective of Whether the Debtor Intends to File a Plan of Reorganization Within the "Exclusive Periods".**

4.  The Debtor, realizing the futility of its case, now wants to divert the attention of this Court by trumpeting its intention to file a plan of reorganization. *See* Objection at ¶ 1. Although not directly stated in the Motion to Continue, the Debtor apparently seeks to postpone the Lift-Stay Hearing because it "intends" to file its purported plan within the "exclusive periods". The Debtor's request is legally flawed.

5.  Applied Bank is not barred from obtaining relief from the stay simply because the Debtor "intends" to propose a plan within the exclusive periods. Indeed, "[i]t is not enough for a debtor to argue that the automatic stay should continue because it needs the secured property in

order to propose a reorganization." *In re Neutgens*, 87 B.R. 128, 130 (Bankr. D. Mont. 1987). "If all the debtor can offer . . . is high hopes without any financial prospects on the horizon to warrant a conclusion that a reorganization in the near future is likely, it cannot be said that the property is necessary to an 'effective' reorganization." *Id.* *See also In re Timbers of Inwood Forest Associates, Ltd.*, 808 F.2d 363, 371 n.13 (5th Cir. 1987), *aff'd* 108 S. Ct. 626 (The debtor "must do more than evince high hopes" to prove its likelihood of reorganization.); *In re Development, Inc.*, 36 B.R. 998, 1005-06 (Bankr. D. Hawaii 1984) (same). *See, e.g., In re Watford*, 159 B.R. 597, 601 (M.D. Ga. 1993) (terminating automatic stay while noting that "mere hope is not enough"); *Acquisition Corp. of Am. v. Federal Sav. & Loan Ins. Corp.*, 96 B.R. 380, 383 (S.D. Fla. 1988) (terminating automatic stay where debtor's assertions were "based on dreams rather than realities"). In short, the Debtor's "intention" to file a plan is irrelevant to the disposition of Applied Bank's Lift-Stay Motion.

6.    The Debtor must do much more than simply file a plan; it must prove that the Applied Bank Collateral is necessary for an effective reorganization and that the Debtor has a reasonable possibility of a successful reorganization within a reasonable time. *See* 11 U.S.C. § 362(g)(2); *In re Bonner Mall P'ship*, 2 F.3d 899, 902 (9th Cir. 1993). For property to be necessary for an effective reorganization, "there must be a reasonable possibility of a successful reorganization with a reasonable time." *In re Timbers of Inwood Forest Assocs.*, 484 U.S. 365, 370-71 (1988). *See also In re Albany Partners, Ltd.*, 749 F.2d 670, 673 (11th Cir. 1984) (same).

7.    As demonstrated in the Motion and the Reply – and as confirmed by the bankruptcy schedules, SOFA, and Operating Reports filed in this case – the Applied Bank Collateral is woefully undersecured, the Debtor's cash flow is *de minimus*, and there are insufficient funds to pay for debt service, real estate taxes, maintenance and repairs and other carrying costs associated with maintaining the Property. Until very recently, the Debtor was also

inexplicably delinquent in filing its Operating Reports and complying with various other requests made by the Bankruptcy Administrator. The simple truth of the matter is that the Debtor has no ability to reorganize, and it should have never filed this case.

II.   **The Debtor's Counterclaims Are Immaterial to the Disposition of the Lift-Stay Motion.**

8.   Rather than address the merits of the Lift-Stay Motion head-on, the Debtor has filed an adversary complaint (the "**Complaint**") which raises, *inter alia*, misguided speculation about Applied Bank's standing to obtain relief from the stay. *See* Motion to Continue at ¶ 2. The Debtor's claims are baseless. The Loan Documents, together with the Loan Sale Agreement, the Silverton Affidavit and the FDIC Affidavit, clearly establish that Applied Bank owns the Loan and the Loan Documents, and has proper standing to seek relief from the automatic stay as to the Applied Bank Collateral. *See* Lift-Stay Motion, Exhibits A, B, C, D; *see also* Reply, Exhibits 1 and 2. The Debtor has no grounds to challenge Applied Bank's standing in this case.

9.   The Debtor also attempts in the Motion to Continue and the Complaint to distract this Court by introducing vague, unsubstantiated claims against Applied Bank for unfair and deceptive trade practices, breach of contract, and unclean hands. The Debtor's claims are totally without merit. Moreover, the claims need not be addressed (much less considered) by this Court at the Lift-Stay Hearing. On this point, the law in the Fourth Circuit is clear that "[t]he only matters potentially in issue in relation to a motion to lift an automatic stay relate to the adequacy of the creditor's protection, the debtor's equity, and the necessity of the property to effective reorganization; **the merits of claims are not in issue** and the procedural setting is not one appropriate for the assertion of counterclaims." *EEE Commercial Corp. v. Holmes (In re ASI Reactivation, Inc.)*, 934 F.2d 1315, 1321 (4th Cir. 1991) (quoting *County Fuel Co. v. Equitable*

- 4 -

*Bank Corp.*, 832 F.2d 290, 293 (4th Cir. 1987)) (emphasis added). Consequently, the Complaint provides no legitimate grounds upon which to postpone or bifurcate the Lift-Stay Hearing.

### III. The Facts and Circumstances of this Case Militate Against Bifurcation of the Lift-Stay Hearing.

10. The Debtor's request to bifurcate the Lift-Stay Hearing pursuant to "customary procedure" is also misplaced. *See* Motion at ¶ 3. As discussed in the Reply, Applied Bank is mindful that, under appropriate circumstances, local practice may be to treat the Lift-Stay Hearing as a "preliminary" hearing under the Bankruptcy Code and the Local Bankruptcy Rules. Applied Bank nonetheless respectfully asserts that such relief is not warranted under the facts and circumstances of this case because the Debtor has not proved that it has "a reasonable likelihood" of prevailing over the Lift-Stay Motion at a final hearing, as required by Section 362(e)(1) of the Bankruptcy Code.

11. The record in this case is clear: the Debtor has no equity in the Applied Bank Collateral, and the Applied Bank Collateral is not necessary for an effective reorganization because the Debtor has no ability to reorganize. Absent this evidentiary showing by the Debtor, as required under Section 362(e) of the Bankruptcy Code, the Court can (and should) deny the Debtor's request to bifurcate the Lift-Stay Hearing and instead hold a consolidated hearing on the Motion on September 22, 2010. *See* 11 U.S.C. § 362(e)(1); *In re Looney*, 823 F.2d 788 (4th Cir. 1987); *In re River Hills Apartments Fund*, 813 F.2d 702, 708 (5th Cir. 1987). *Accord*, H. Rep. No. 95-595 (1977); S. Rep. No. 95-989 (1978) ("[T]he court may continue the stay only if there is a reasonable likelihood that the party opposing relief from the stay will prevail.").

12. Consolidating the "preliminary" and "final" hearing on the Lift-Stay Motion will not be prejudicial to the Debtor, its creditors, or any other parties in interest. A combined Lift-

Stay Hearing will also reduce the time and cost of this case by preventing unjustified postponements of a final hearing.

13. Consolidating these proceedings is also consistent with the underlying principles of Section 362, which is meant to provide expedited relief for parties moving for relief from the automatic stay. To this end, Applied Bank has conducted discovery, obtained affidavits, assembled witnesses, prepared exhibits, issued subpoenas, and deposed the Debtor's principal – all in preparation for the September 22, 2010 Lift-Stay Hearing. The Debtor has had ample time to interview witnesses, analyze issues, retain experts, obtain reports and take discovery as well. (Whether it chose to do so is another matter entirely.) Under these circumstances, sufficient grounds exist to combine the Lift-Stay Hearing into one proceeding on September 22, 2010.

### IV. The Debtor's Remaining Arguments Are Equally Baseless and Provide No Grounds Upon Which the Court Should Postpone or Bifurcate the Lift-Stay Hearing.

14. Paragraphs 4 and 5 of the Motion to Continue can be rejected for the same reasons as the Debtor's other contentions therein. In paragraph 4, the Debtor baldly asserts that the subject Property constitutes its "flagship" property for purposes of generating income to fund a Chapter 11 plan. There is no evidence whatsoever that the Property can (or will) generate sufficient income or revenue to pay expenses, service the Debtor's secured creditors (such as Applied Bank), maintain the Applied Bank Collateral, and successfully fund a plan. The Debtor's unsubstantiated "high hopes" for the Property and the other Applied Bank Collateral are immaterial to the disposition of the Lift-Stay Motion.

15. Applied Bank is totally perplexed with regard to the Debtor's claim in paragraph 5 of the Motion. Despite lacking any credible evidence whatsoever, the Debtor badly asserts that Applied Bank "may have colluded with members of the Debtor's management company to 'starve' out the [Debtor] and its principals." *See* Motion at ¶ 5. This assertion is totally false and

without merit. Once again, however, neither Applied Bank nor this Court need to consider (or address) the Debtor's bogus claim because it raises a collateral issue that is not proper for adjudication in connection with the Lift-Stay Motion. *See ASI Reactivation*, 934 F.2d at 1321.

### Conclusion

WHEREFORE, based on the reasons set forth in this Opposition, as well as the reasons set forth in the Motion and the Reply, and any additional reasons that may be presented at the Lift-Stay Hearing, Applied Bank respectfully requests that this Court:

A. Deny the Motion to Continue;

B. Consolidate the "preliminary" and "final" hearings on the Lift-Stay Motion on September 22, 2010; and

C. Grant such other and further relief in favor of Applied Bank as is just and appropriate under the circumstances.

Respectfully submitted,

Date: September 20, 2010

/s/ Kenneth M. Greene
Kenneth M. Greene
NC Bar No. 005465
Caruthers & Roth, P.A.
Post Office Box 540
235 N. Edgeworth Street
Greensboro, North Carolina 27401
Tel:    (336) 478-1124
Email: kmg@crlaw.com

- and-

/s/ Michael G. Gallerizzo
Michael G. Gallerizzo
GEBHARDT & SMITH LLP
One South Street, Suite 2200
Baltimore, Maryland 21202
Tel:    (410) 385-5046
Email: mgall@gebsmith.com

*Attorneys for Applied Bank*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of September, 2010, a copy of the foregoing *Opposition of Applied Bank to Debtor's Motion to Continue/Declare September 22, 2010 Hearing a Preliminary Hearing* was served via the Court's ECF system to all interested parties and mailed, via United States First-Class Mail, on the parties shown below:

        U.S. Bankruptcy Administrator
        402 West Trade Street
        Suite 200
        Charlotte, NC 28202-1669

        D. Rodney Kight, Jr.
        Kight Law Office
        9 SW Pack Square, Suite 200
        Asheville, NC 28801
        *Attorney for the Debtor*

        Erin F. Dunnuck
        One Rankin Avenue, Third Floor
        Asheville, North Carolina 28801
        *Attorney for The Residences at*
        *Biltmore Condominium Owners' Association, Inc.*

Dated: September 20, 2010

        */s/ Kenneth M. Greene*
        Kenneth M. Greene
        NC Bar No. 005465
        Caruthers & Roth, P.A.
        Post Office Box 540
        235 N. Edgeworth Street
        Greensboro, North Carolina 27401
        Tel:   (336) 478-1124
        Email: kmg@crlaw.com